UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DOMINGOS LUGAO PETROCELI, | |
| Plaintiff, | 21-CV-1205 (CM) |
| -against- | ORDER |
| FBI BUFFALO DIVISION FIELD OFFICE, et al., | |
| Defendants. | |

COLLEEN McMAHON, United States District Judge:

On March 18, 2021, the Court directed Plaintiff, within thirty days, to submit an amended request to proceed *in forma pauperis* ("IFP") or pay the $402.00 in fees required to file a civil action in this Court. Because Plaintiff did not file an amended IFP application or pay the fees, by order and judgment dated June 14, 2021, the Court dismissed the complaint without prejudice. *See* 28 U.S.C. §§ 1914, 1915. Judgment was entered the next day, June 15, 2021.

But on the same date that the Court issued its order of dismissal, the Court received from Plaintiff a new IFP application, along with other documents in support of the complaint. On July 9, 2021, the Court declined to vacate the June 14, 2021 order of dismissal and judgment and reopen this case, finding that the new IFP application did not comply with the Court's March 18, 2021 order. That order was entered on July 12, 2021.

Three months later, on October 14, 2021, the Court received from Plaintiff a notice of appeal and a motion for an extension of time to file a notice of appeal under Rule 4(a)(5) of the Federal Rules of Appellate Procedure.[1] (ECF 9-10.) The documents are not signed and are dated July 21, 2021. In his motion for an extension to file a notice of appeal, Plaintiff incorrectly states that he seeks to appeal a judgment entered on February 8, 2021, which is the date he filed this

---

[1] On October 19, 2021, the Court transmitted the notice of appeal to the United States Court of Appeals for the Second Circuit.

action. He further asserts that he did not file a timely notice of appeal because: "I was disrespected by the court, I was not informed of the opening of the case. I did not receive the docket number, I did not receive copies of the process, I was not notified by the case clerk." (ECF 9 at 1.) For the following reasons, the Court denies Plaintiff's motion for an extension of time.

## DISCUSSION

Under Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, a notice of appeal in a civil case must be filed within thirty days after entry of the judgment or order appealed from. A district court may grant a limited extension of time to file a notice of appeal if: (1) a party moves for the extension no later than thirty days after the time prescribed by Rule 4(a) expires; and (2) the moving party establishes excusable neglect or good cause. Fed. R. App. P. 4(a)(5).

Because Plaintiff's motion was not filed within sixty days after the entry of judgment, the Court does not have authority under Rule 4(a)(1)(A) to extend the time to appeal. *See Goode v. Winkler*, 252 F.3d 242, 245 (2d Cir. 2001) (holding that district court had no authority to consider *pro se* motion under Fed. R. App. P. 4(a)(5) filed over thirty days after expiration of initial appeal period).

But the Court can construe Plaintiff's motion as a motion to reopen the time to file an appeal under Rule 4(a)(6) of the Federal Rule of Appellate Procedure. *See Cordon v. Greiner*, 274 F. Supp. 2d 434, 439 (S.D.N.Y. 2003) ("Where a *pro se* litigant submits a late notice of appeal and alleges that he did not receive notice of the entry of the judgment or order from which he seeks to appeal within 21 days of its entry, that notice should be treated as a motion to reopen the time to file an appeal in accordance with Rule 4(a)(6) of the Federal Rules of Appellate Procedure."). Rule 4(a)(6) permits a district court to reopen the time to file an appeal for a period of 14 days if three conditions are satisfied. First, the court must find that "the moving party did

not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or

order sought to be appealed within 21 days after entry." Fed. R. App. P. 4(a)(6)(a). A party

receives notice under Rule 4(a)(6) when the document arrives at the litigant's address, not when

it is properly served by the Clerk of Court under Rule 77(d) and Rule 5(b). *Commc'n Network

Int'l, Ltd. v. MCI WorldCom Commc'ns., Inc.,* 708 F.3d 327, 333-34 (2d Cir. 2013) ("Rule 4(a)(6)

was 'designed to allow a district judge to reopen the time for appeal if notice of the judgment

does not arrive—whether the fault lies with the clerk or the Postal Service' and a holding that

service equals receipt 'would prevent the rule from serving that function.'"). Second, the motion

to reopen "must be filed within 180 days after the judgment or order is entered or within 14 days

after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry,

whichever is earlier." Fed. R. App. P. 4(a)(6)(B). Finally, the Court must find that "no party

would be prejudiced." Fed. R. App. P. 4(a)(6)(C). The Advisory Committee Notes for Rule 4

define "prejudice" for the purposes of Rule 4(a)(6) as "some adverse consequences other than the

cost of having to oppose the appeal and encounter the risk of reversal, consequences that are

present in every appeal." Advisory Committee Notes to 1991 Amendments to Federal Rules of

Appellate Procedure, Fed. R. App. P. 4(a)(6).

  Here, Plaintiff asserts, "I was not informed of the opening of the case. I did not receive

the docket number, I did not receive copies of the process, I was not notified by the case clerk."

(ECF 7, at 1.) But Plaintiff's assertions are belied by the documents he submitted. Plaintiff knew

of the Court's June 14, 2021 order and judgment, and the subsequent July 9, 2021 order, on July

21, 2021, when he drafted his notice of appeal and motion.. Because Plaintiff does not establish

that he did not receive notice of the entry of the judgment or order he is seeking to appeal, he

does not meet the first condition to permit the Court to reopen the time to file an appeal under

Rule 4(a)(6).

For the reasons stated, the Court denies Plaintiff's motion for an extension of time to file a notice of appeal. (ECF No. 9.)

## CONCLUSION

The Court denies Plaintiff's motion for an extension of time to file a notice of appeal. (ECF No. 9.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is also directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   October 20, 2021
         New York, New York

_____
COLLEEN McMAHON
United States District Judge

4